ANN MARIE SCHIFF,

Plaintiff,

VERSUS

S.C.O. JOANNE STEVENS, ET AL.,

Defendants.

**MEMORANDUM AND ORDER**
January 6, 2017

JOSEPH F. BIANCO, District Judge:

On June 11, 2015, plaintiff Ann Marie Schiff ("plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action against defendants State Court Officer Joanne Stevens ("SCO Stevens"), Sargent [sic] Daniel Friesm ("Friesm"), Captain Kevin Brophy, Court Officer James Martinez, John Does #1-2, Sherill Spatz, Kay-Ann Porter-Campbell, and Joseph Casella (the "State Defendants"); as well as Suffolk County Police Officer Michael Flood.[1] Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1983, 1986, and 1988 arising from an arrest for disorderly conduct in violation of New York state criminal law and an alleged assault by Friesm. The State Defendants now move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons set forth below, plaintiff's claims against the State Defendants are dismissed. However, the Court grants leave to replead only with respect to the excessive force claim in connection with the April 4, 2013 incident discussed *infra*.

I. BACKGROUND

A. Facts

The following facts are taken from the complaint and are not findings of fact by the Court. Instead, the Court will assume the facts to be true and, for purposes of the pending motion to dismiss, will construe them in a light most favorable to plaintiff as the non-moving party.

---

[1] The State Defendants assert that defendant Joanne Stevens's name is properly spelled "Joanne Stephens"; Daniel Friesm is properly spelled "Daniel Freisem"; and Joseph Casella is properly spelled "Joseph Kuceluk." (State Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Br."), ECF No. 20-6, at 1.) For purposes of this Memorandum and Order, the Court uses the spellings in the complaint.

1

Plaintiff alleges that on June 14, 2012, she was arrested at the Cohalan Court Complex in Central Islip, New York. (Compl., ECF No. 1, ¶ 14.) She states that SCO Stevens asked plaintiff to remove herself from a chair in the court lobby because plaintiff was "trespassing." (*Id*.) After plaintiff left the lobby and sat down on a bench outside of the courthouse, SCO Stevens, Friesm, and two John Does approached and arrested her. (*Id*.) Plaintiff claims that the arrest lacked probable cause, and that SCO Stevens subsequently "illegally searched and inventoried plaintiff's handbag on an inventory list sheet which is why plaintiff was detained for almost 2 hours." (*Id*.)

While plaintiff was detained, Captain Kevin Brophy allegedly informed SCO Stevens that plaintiff could not be charged with trespassing and instead instructed SCO Stevens to charge plaintiff with a disorderly conduct violation. (*Id*.) Plaintiff was subsequently released and alleges that she was heavily medicated and groggy both during and prior to her detention. (*Id*.)

After plaintiff returned home, she contacted the "Office of the Inspector General for Bias Matter" and filed a complaint about her arrest and detention with Kay-Ann Porter-Campbell, but plaintiff claims that, despite numerous attempts to follow up, the Inspector General did not act on her complaint. (*Id*.) Plaintiff further alleges that "[a]fter several court dates in front of a judge, plaintiff was handed a sworn statement signed by Stephens [sic] and with Friesm's signature on it" falsely stating that SCO Stevens arrested plaintiff inside of the Cohalan Court Complex and charged her with disorderly conduct. (*Id*.)

On or about September 19, 2012, plaintiff filed a Notice of Claim and commenced an action in the New York State Court of Claims against the State of New York contesting her allegedly false arrest on June 14, 2012. (*Id*.; Decl. of Daniel S. Hallak ("Hallak Decl."), Ex. B, ECF No. 20-3.[2]) Plaintiff further contends that, on April 4, 2013, Friesm "assaulted, battered and harassed Plaintiff in the lobby of the Cohalan Court Complex" after "plaintiff simply asked of him his name for [her] interrogatories in the Court of Claims case." (Compl. ¶ 15.) Plaintiff then filed a complaint about that alleged assault with "an investigator, Joseph Cassela," who purportedly told her that he did not see a problem with Friesm's actions. (*Id*.) Plaintiff states that she also spoke with "Sherrill Spatz Inspector General for the New York State Unified Court System regarding this incident," who told plaintiff that she could not obtain surveillance videos of the alleged assault. (*Id*.)

By decision dated June 17, 2015, the New York Court of Claims dismissed plaintiff's claims against the State of New York. (Hallak Decl., Ex. C, ECF No. 20-4.) The court also denied plaintiff's motion to compel discovery because it found that the defendant's responses to interrogatories and document requests had been reasonable, and it denied plaintiff's request to amend her claim to add individual defendants because the court's jurisdiction is limited to actions for monetary damages against the State of New York. (*Id*. at 3.) With respect to the merits of plaintiff's claim, the court found that (1) probable cause supported plaintiff's June 14, 2012 arrest; (2) plaintiff could not

---

[2] As discussed *infra*, in resolving this motion, the Court may consider, *inter alia*, documents incorporated by reference in the complaint. *See*

*Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).

state a claim for malicious prosecution because probable cause existed and plaintiff could not show that the prosecution ended with a favorable disposition; (3) there was no evidence of any excessive force or any physical contact whatsoever between plaintiff and New York State employees in connection with plaintiff's arrest; (4) there is no cause of action for intentional infliction of emotional distress against the State of New York; (5) plaintiff's claim for negligent infliction of emotional distress was duplicative of her other claims; and (6) the court did not have jurisdiction over plaintiff's federal constitutional claims. (*Id*. at 5-7.)

In the instant action, plaintiff asserts that she suffered

> [i]njuries related to event include[d] but not limited to pain to mid-lower back, left shoulder, right wrist, intentional false arrest, intentional false imprisonment, malicious prosecution, denial of equal protection, deprivation of due process, fraud, denial of medical care, unlawful search and seizure, excessive force, assault and battery, harassment, intentional infliction of emotional distress, damage to reputation, embarrassment and other civil rights violations subject to the United States Constitution.

(Compl. ¶ 16.) She seeks $50 million in damages and injunctive relief. (*Id*. ¶ 17.)

B. Procedural History

Plaintiff commenced this action on June 11, 2015. (ECF No. 1.) On August 22, 2016, the State Defendants filed a motion to dismiss for failure to state a claim. (ECF No. 20.) According to the briefing schedule established by the Court, plaintiff's opposition was due on September 22, 2016.

(ECF No. 19.) However, to date, plaintiff has not submitted an opposition or otherwise communicated with the Court. Accordingly, the Court will treat the instant motion as unopposed. Nevertheless, as set forth below, the Court has independently evaluated the grounds asserted by the State Defendants in connection with their motion.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth two principles for a district court to follow in deciding a motion to dismiss. 556 U.S. 662 (2009). First, district courts must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

3

Where, as here, the plaintiff is proceeding *pro se*, "a court is obliged to construe [her] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Nevertheless, a *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

In deciding an unopposed motion to dismiss, the Court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000) (citation omitted).

The Court further notes that in adjudicating this motion, it is entitled to consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and vacated in part on other grounds sub nom. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71 (2006); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of N.Y.*, No. 04 Civ. 1859, 2005 WL 1139908, at *2-3 (E.D.N.Y. 2005) (stating court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

### III. DISCUSSION

The State Defendants argue that plaintiff's claims against them must be dismissed for the following reasons: (1) plaintiff failed to properly serve the State Defendants; (2) her claims are barred by the doctrine of collateral estoppel; (3) her claims are barred by the doctrine of res judicata; (4) plaintiff cannot show that the State Defendants acted without probable cause; (5) plaintiff cannot show that the State Defendants were objectively unreasonable in effectuating her arrest; (6) plaintiff has not stated plausible claims under 42 U.S.C. §§ 1983, 1986, and 1988; (7) plaintiff's claims for battery, assault, and intentional infliction of emotional distress are time-barred; and (8) the State Defendants are entitled to qualified immunity.

For the reasons set forth below, the Court concludes that plaintiff's claims for false arrest/false imprisonment, malicious prosecution, unlawful search and seizure, and

excessive force are barred by collateral estoppel based on the New York Court of Claims's prior ruling. In addition, the Court determines that the intentional infliction of emotional distress claim is time-barred. Although the remaining claims for battery and assault, insofar as they allege excessive force with respect to the April 4, 2013 incident, fall within the three-year statutory period for federal civil rights claims, they fail to state a cause of action as currently pled. Accordingly, the Court dismisses those claims, but grants plaintiff leave to file an amended complaint only as to the April 4, 2013 incident.[3]

A. Collateral Estoppel

1. Applicable Law

"A court may dismiss a claim on *res judicata* or collateral estoppel grounds on a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment." *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 168 (E.D.N.Y. 2010), *aff'd*, 446 F. App'x 360 (2d Cir. 2011). "[C]ollateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)). "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979) (footnote omitted). "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007). "The party seeking the benefit of collateral estoppel bears the burden of proving the identity of the issues, while the party challenging its application bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues." *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449 (1985)). Collateral estoppel generally does not include a requirement that the party against whom the plaintiff litigated in the prior proceeding be the same party they litigate against in the current proceeding. *See United States v. Mendoza*, 464 U.S. 154, 158 (1984); *see also Amadasu v. Bronx Lebanon Hosp. Ctr.*, No. 03 Civ. 6450 (LAK) (AJP), 2005 WL 121746, at *8 (S.D.N.Y. 2005) ("[T]he doctrine of collateral estoppel does not require that the same parties are named in the earlier action in order to apply to the instant action.").

With respect to the first element—identity of issues—the advancing party must show that "the issue to be decided in the

---

[3] With respect to the State Defendants' assertion that the Court lacks personal jurisdiction over them due to ineffective service—which is properly brought as a Rule 12(b)(2), rather than a Rule 12(b)(6), motion—the Court notes that a *pro se* litigant proceeding *in forma pauperis* is "entitled to rely on service by the U.S. Marshals." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986) (citation omitted). Thus, "[g]ood cause under Rule 4(m) is established if the fault for failure to serve lies with the U.S. Marshals." *Lewal v. Wiley*, 29 F. App'x 26, 28 n.2 (2d Cir. 2002). Accordingly, the Court does not believe that it is appropriate to grant the State Defendants' motion to dismiss on that ground at this juncture since the United States Marshals effected service of plaintiff's summons and complaint in this action. (*See* ECF No. 15.)

second action is material to the first action or proceeding and essential to the decision rendered therein, and that it is the point actually to be determined in the second action or proceeding such that 'a different judgment in the second would destroy or impair rights or interests established by the first.'" *D'Andrea v. Hulton*, 81 F. Supp. 2d 440, 443 (W.D.N.Y. 1999) (quoting *Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp.*, 250 N.Y. 304, 307 (1929)). As to the second element—full and fair opportunity to litigate—courts generally consider the following factors: "the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of the litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law, and the foreseeability of future litigation." *Goodson v. Sedlack*, 212 F. Supp. 2d 255, 257 (S.D.N.Y. 2002) (Lynch, J.) (quoting *Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 501 (1984)). "The mere fact that the plaintiff proceeded *pro se* does not sufficiently establish that he was denied a full and fair opportunity to be heard." *Wright v. Coughlin*, No. 85 CIV. 0624 (LBS), 1987 WL 19633, at *2 (S.D.N.Y. Nov. 5, 1987), *aff'd*, 868 F.2d 1268 (2d Cir. 1988).

2. Analysis

As discussed above, the New York Court of Claims found that probable cause existed to support plaintiff's June 14, 2012 arrest, and courts have correctly and "repeatedly held that a [plaintiff] may not bring a § 1983 claim against individual officers where [s]he has previously lost at trial against the State in the Court of Claims on state law claims arising out of the identical alleged incident." *Goodson*, 212 F. Supp. 2d at 258; *see also*, *e.g.*, *Rivera v. Patnode*, No. 9:11-CV-0532 MAD/ATB, 2012 WL 1029661, at *5 (N.D.N.Y. Mar. 26, 2012); *Wright*, 1987 WL 19633, at *2. That the Court of Claims is unable to consider federal constitutional causes of action is of no moment if the issues raised before it implicate the same operative facts at bar in the subsequent litigation. *See Wright*, 1987 WL 19633, at *2 ("Although, the Court of Claims never considered the action as a civil rights issue nor as one against the individual officers, the Court of Claims did conclusively resolve the same set of facts on which both claims exist. Whether or not the claim is characterized as negligence or as a violation of civil rights, the issues are the same—did the officers assault Mr. Wright and may Mr. Wright recover for the alleged property loss? These issues were decided by the Court of Claims and are dispositive of the action before us today. The Court of Claims determined that the evidence was insufficient to prove that an assault had occurred and that no award could be made for property loss."). Moreover, "[c]laims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003); *see also Crews v. Cty. of Nassau*, 996 F. Supp. 2d 186, 203 (E.D.N.Y. 2014) ("Under New York law, 'the tort of false arrest is synonymous with that of false imprisonment,' and courts use that tort to analyze an alleged Fourth Amendment violation in the Section 1983 context." (citation omitted)).

Accordingly, the State Defendants have carried their burden because the Court of Claims's determination that probable cause existed to arrest plaintiff precludes re-litigation of that issue in the instant action. Further, that finding is dispositive of plaintiff's constitutional claims concerning

6

her June 14, 2012 arrest. As the Court of Claims noted in its decision, the existence of probable cause is "a complete defense to a cause of action for false arrest,"[4] *McClinton v. Henderson*, No. 13-CV-3335 (JFB) (GRB), 2014 WL 2048389, at *5 (E.D.N.Y. May 19, 2014) (quoting *Feinberg v. Saks & Co.*, 56 N.Y.2d 206, 210 (1982)), and thus for false imprisonment, as well, *Crews*, 996 F. Supp. 2d at 203. Probable cause also bars a claim for malicious prosecution. *Stansbury v. Wertman*, 721 F.3d 84, 94-95 (2d Cir. 2013).[5] Finally, insofar as plaintiff alleges that the State Defendants used excessive force in connection with her June 14, 2012 arrest, the Court of Claims also decided that that contention lacked merit. (Hallak Decl., Ex. C, at 6.)

Because plaintiff has not opposed the State Defendants' motion to dismiss, she has not carried her burden of showing that she lacked a full and fair opportunity to litigate these claims in the prior litigation. Nevertheless, in an abundance of caution, the Court has reviewed the record before it and determined that, despite plaintiff's *pro se* status, none of the factors delineated above favors her. There is no indication that plaintiff did not have a full and fair opportunity to litigate these issues in the New York Court of Claims.

Accordingly, the Court concludes that the probable cause and excessive force determinations by the New York Court of Claims are identical to the issues raised in the instant action and dispositive of plaintiff's federal civil rights claims for false arrest, malicious prosecution, unlawful search and seizure, and excessive force with respect to the June 14, 2012 arrest. Because plaintiff had a full and fair opportunity to litigate those issues in the Court of Claims, those claims are barred by collateral estoppel and are dismissed with prejudice.[6]

B. Limitations Bar

1. Applicable Law

There exists no federal statute of limitations for Section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-81 (2004). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (footnote omitted). In New York State, the statute of limitations for actions brought pursuant to Section 1983 is three years. *Shomo v. City of N.Y.*, 579 F.3d 176, 181 (2d Cir. 2009) ("The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law."). "While state law supplies the statute

---

[4] In addition, because probable cause existed to arrest plaintiff, any search or seizure incident to that arrest was also lawful. *See Maryland v. King*, 133 S. Ct. 1958, 1970-71 (2013).

[5] To the extent that plaintiff claims her constitutional rights were violated by a failure to investigate her complaint to the Inspector General about the June 14, 2012 arrest, that claim is also barred by a probable cause finding. *See Virgil v. Town of Gates*, 455 F. App'x 36, 40 (2d Cir. 2012) ("If probable cause is established, there is no constitutional right, whether under the Fourth or Fourteenth Amendment, to demand further investigation before arrest or prosecution.")

[6] As a result of this determination, the Court need not, and does not, reach the State Defendants' alternative arguments that these claims fail due to res judicata, existence of probable cause, failure to state a claim, or qualified immunity.

of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)); *see also Shomo*, 579 F.3d at 181 ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm."); *Rene v. Jablonski*, No. 08 Civ. 3968 (JFB) (AKT), 2009 WL 2524865, at *5 (E.D.N.Y. Aug. 17, 2009) ("Federal law governs the question of when a Section 1983 claim accrues. Under federal law, 'the time of accrual is that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action.'") (quoting *Covington v. City of N.Y.*, 171 F.3d 117, 121 (2d Cir. 1999) (alterations and citations omitted)).

Although the statute of limitations is an affirmative defense, it "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

2. Analysis

The State Defendants argue that plaintiff's remaining claims for battery, assault, and intentional emotional distress are barred by the one-year statutes of limitations that apply to those causes of action under New York law. (Defs.' Br. at 21-22). Insofar as plaintiff pleads those claims under New York law, the State Defendants are correct, because the one-year limitations period began to run from the dates of the tortious conduct at issue—the June 14, 2012 arrest and the April 4, 2013 alleged assault—and terminated before plaintiff filed this action on June 11, 2015. *See Lettis v. U.S. Postal Service*, 39 F. Supp. 2d 181, 204 (E.D.N.Y. 1998) ("Causes of action for assault and battery accrue immediately upon the occurrence of the tortious act . . . ."); *Neufeld v. Neufeld*, 910 F. Supp. 977, 982 (S.D.N.Y. 1996) (intentional infliction of emotional distress claims accrue upon the last wrongful act).[7]

However, excessive force claims under Section 1983 have a three-year statute of limitations. *See Horn v. Politopoulos*, 628 F. App'x 33, 34 (2d Cir. 2015); *Perez v. Police Dep't of City of N.Y.*, 872 F. Supp. 49, 51 (S.D.N.Y. 1994), *aff'd*, 71 F.3d 405 (2d Cir. 1995). Thus, assuming that plaintiff is asserting an excessive force claim under Section 1983, then the three-year limitations period discussed above would apply and would not bar a constitutional cause of action arising from the alleged April 4, 2013 assault, which occurred less than three years before plaintiff commenced suit on June 11, 2015.[8]

---

[7] In addition, the Court has already determined *supra* that collateral estoppel bars plaintiff from re-litigating the Court of Claims's determination that there was no excessive force, or any physical contact at all, involved in connection with the June 14, 2012 arrest.

[8] However, there is no federal civil rights cause of action for infliction of emotional distress, *see Harrison v. Harlem Hosp.*, No. 05CIV.8271 (WHP), 2007 WL 2822231, at *4 (S.D.N.Y. Sept. 28, 2007), *aff'd*, 364 F. App'x 686 (2d Cir. 2010), and insofar as plaintiff pleads this claim under New York state law,

it is barred under the apposite one-year statute of limitations as discussed *supra*, which accrued on that the last wrongful act was committed, *see Neufeld*, 910 F. Supp. at 982. Plaintiff has not alleged that a continuing harm exists, *see id.*, and the last wrongful act on the face of the complaint is the alleged April 4, 2013 assault, which occurred more than one year prior to commencement of the instant action. Accordingly, plaintiff's intentional infliction of emotional distress claim is time-barred and dismissed with prejudice.

In sum, the applicable three-year statute of limitations does not preclude plaintiff from asserting that Friesm used excessive force against her on April 4, 2013.

C. Failure to State a Claim

In the alternative, the State Defendants argue that plaintiff has failed to state a cause of action pursuant to 42 U.S.C. §§ 1983, 1986, and 1988 for excessive force pertaining to the alleged April 4, 2013 assault. (Defs.' Br. at 10 n.5, 13-15.) They assert that "[p]laintiff vaguely alleges excessive force with respect to the incident," and that the "facts behind this incident are wholly conclusory" because plaintiff "provides no details of the force alleged and why it was disproportionate to the circumstances." (*Id.* at 14.)

Excessive force by a state actor violates the Fourth Amendment "if it is objectively unreasonable 'in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation.'" *Harley v. Suffolk Cty. Police Dep't*, No. 09-CV-2897 (JFB) (ARL), 2012 WL 642431, at *8 (E.D.N.Y. Feb. 28, 2012) (quoting *Maxwell v. City of N.Y.*, 380 F.3d 106, 108 (2d Cir. 2004). "More specifically, '[d]etermining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Here, plaintiff's conclusory claim of excessive force does not allow the Court to determine whether a plausible claim exists under the applicable standard and, therefore, must be dismissed.

However, although plaintiff did not oppose this motion and thus has not requested leave to amend her complaint, the Court has considered whether she should be afforded an opportunity to do so. The Second Circuit instructs that a district court should not dismiss a *pro se* complaint "'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)); *see also Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999).

With respect to the excessive force claim, plaintiff may be able to supply additional allegations regarding the incident on April 4, 2013 to articulate a plausible cause of action. Accordingly, plaintiff is allowed to file an amended complaint addressing those issues.

IV. CONCLUSION

For the foregoing reasons, the State Defendants' motion to dismiss (ECF No. 20) is granted in full, and plaintiff's claims are dismissed with leave to amend. Plaintiff must file an amended complaint within thirty (30) days of the date of this Memorandum and Order. The amended complaint must not include any claims that the Court has dismissed with prejudice—i.e., claims for false arrest, malicious prosecution, unlawful search and seizure, and excessive force in connection with the June 14, 2012 arrest; and New York state tort claims for assault, battery, and intentional infliction of

emotional distress, which are time-barred. Plaintiff is warned that failure to file an amended complaint will result in the dismissal of this action with prejudice, and the case will be closed.

If the State Defendants wish to make a second motion to dismiss, assuming an amended complaint is so filed, the Court will set a briefing schedule for a second motion at the appropriate time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:   January 6, 2017
         Central Islip, NY

\*\*\*

Plaintiff Ann Marie Schiff, *pro se*, 7 Mystic Lane, Northport, New York 11768. The State Defendants are represented by Daniel Scott Hallak, Assistant Attorney General, on behalf of Eric T. Schneiderman, New York State Attorney General, 300 Motor Parkway, Suite 230, Hauppauge, New York 11788.